UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAVANNAH THOMPSON**<br>　　Plaintiff | **CIVIL ACTION NO.:** _____ |
| **VERSUS** | **SECTION:** _____ |
| **LOUISIANA REGIONAL LANDFILL COMPANY, F/K/A IESI LA LANDFILL CORPORATION, WASTE CONNECTIONS BAYOU, INC. F/K/A PROGRESSIVE WASTE SOLUTIONS OF LA, INC., WASTE CONNECTIONS OF LOUISIANA, INC., APTIM CORPORATION, AND PARISH OF JEFFERSON,**<br>　　Defendants. | **JUDGE:** _____<br><br>**MAGISTRATE JUDGE:** _____ |

## NOTICE OF REMOVAL

Defendants Louisiana Regional Landfill Company,[1] Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc.[2] hereby remove Case No. 786-137 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and as grounds for the case's removal state the following.

1.　　On July 30, 2018, the Plaintiff filed a Class Action Petition for Damages and Injunctive Relief ("Complaint") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, styled *Savannah Thompson v. Louisiana Regional Landfill Company f/k/a IESI LA Landfill Corporation, Waste Connections Bayou, Inc. f/k/a Progressive Waste Solutions of LA, Inc., Aptim Corporation, and Parish of Jefferson,* Docket No. 786-137.

---

[1] f/k/a IESI LA Landfill Corporation.
[2] f/k/a Progressive Waste Solutions of LA, Inc. & f/k/a IESI LA Corporation.

2. Louisiana Regional Landfill Company was served on August 21, 2018. Waste Connections of Louisiana, Inc. and Waste Connections Bayou, Inc., were served on August 20, 2018. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

3. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A.

4. This Court has subject matter jurisdiction over Plaintiff's claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

5. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff specifically alleges her Complaint to be asserted as a class action, citing Louisiana Code of Civil Procedure Article 591 *et seq*. *See* Ex. A, Compl., § II. Actions seeking class treatment under such provision are "class actions" for purposes of CAFA. *See, e.g.*, *In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (complaint filed under Louisiana Code of Civil Procedure Article 591 is a class action for purposes of CAFA).

6. Plaintiff is a resident of, and domiciled in, the Parish of Jefferson in the State of Louisiana. Exhibit A, Compl., p. 1. Defendants Louisiana Regional Landfill Company, Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc. are Delaware corporations with principal places of business in The Woodlands, Texas. *See* Ex. A, Compl., § V. Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d).

7. Plaintiff alleges that she represents and brings this action on behalf of a proposed class consisting of "[a]ll persons domiciled of and/or within the Parish of Jefferson on or after August 1, 2017 (except for Defendants' employees and relevant court personnel) who sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties, and/or diminution in property value resulting from Defendants' acts that caused the emission of noxious odors into and unto their persons and properties." Ex. A, Compl., § III. Plaintiff seeks to hold Defendants liable "for all damages arising from the emission of noxious odors from the Jefferson Parish Landfill" including the costs for prosecution of the action and interest. Ex. A, Compl., p. 10. These pleadings implicate the jurisdictional minimum under CAFA.

8. Original jurisdiction under CAFA exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2). In its notice of removal, Defendants "need[s] include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("[a] removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone … the court [may] make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim"). The proposed class is undefined but, under the Complaint, may include any person domiciled within Jefferson Parish. Ex. A, Compl. § III. On information and belief, the population of Jefferson Parish is greater than 400,000 people. Plaintiff's prayer for relief on behalf of each member of the proposed class alleges damages that include past, present and future nuisance damages and past, present and future diminution in property value. Plaintiff also

seeks special damages, applicable penalties (if any), and expert witness and attorneys' fees. As a result, even a modest alleged damage amount for each proposed class member, plus additional witness and attorneys' fees, would exceed $5,000,000.

9. For these reasons, the $5,000,000 jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

10. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where this action was originally filed, is within the federal judicial district for the Eastern District of Louisiana.

11. Defendants respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

12. Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Defendants have also served Plaintiff's counsel with a copy of this Notice of Removal.

**WHEREFORE**, Defendants Louisiana Regional Landfill Company, Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc. hereby remove Case No. 786-137 from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Division N, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**[Signatures on following page.]**

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:   /s/Michael C. Mims
      David R. Taggart, T.A.
      Louisiana Bar Roll No. 12626

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Michael C. Mims
Louisiana Bar Roll No. 33991
John B. Stanton
Louisiana Bar Roll No. 36036
1100 Poydras St., Suite 2700
New Orleans, Louisiana 70163
Telephone: (504) 596-6300
Fax: (504) 596-6301

Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections of Louisiana, Inc., and Waste Connections Bayou, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 23rd day of August, 2018, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by either serving the counsel through the Court's ECF system, facsimile transmission, email or by placing same in the U. S. mail, postage prepaid and properly addressed to the following:

Anthony D. Irpino
Louise C. Higgins
Pearl Robertson
Irpino Avin & Hawkins
2216 Magazine Street
New Orleans, Louisiana 70130

New Orleans, Louisiana this 23rd day of August, 2018.

                                                                     /s/ Michael C. Mims
                                                                        OF COUNSEL