UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAVANNAH THOMPSON,**<br>      Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8071** |
| **LOUISIANA REGIONAL**<br>**LANDFILL COMPANY, ET AL.,**<br>      Defendants | **SECTION: "E"(4)** |

## ORDER AND REASONS

Before the Court is a motion to remand, filed by Plaintiff Savannah Thompson.[1] The motion is opposed.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On July 30, 2018, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Plaintiff Thompson filed a class action petition, pursuant to Louisiana Code of Civil Procedure article 591 *et seq.*, against Defendants Louisiana Regional Landfill Company (formerly known as IESI LA Landfill Corporation); Waste Connections Bayou, Inc. (formerly known as Progressive Waste Solutions of LA, Inc. and IESI La Corporation); Waste Connections of Louisiana, Inc. (collectively, "Waste Connections Defendants"); Aptim Corp.; and Jefferson Parish.[3] Plaintiff alleges the Jefferson Parish Landfill in Waggaman, Louisiana ("the Landfill") emitted noxious odors and gases into neighborhoods in the surrounding areas.[4] The proposed Plaintiff class is defined as:

> All persons domiciled of and/or within the Parish of Jefferson on or after August 1, 2017 . . . who sustained legally cognizable damages in the form of nuisance, trespass, interference with the enjoyment of their properties, and/or diminution in value of their properties resulting from Defendants'

---
[1] R. Doc. 6.
[2] R. Docs. 15, 16, 17.
[3] *Id.*
[4] *Id.* at 3, ¶ III.

1

acts that caused the emission of noxious odors and gases into and unto their persons and properties.[5]

On August 23, 2018, Waste Connections Defendants, removed the case to this Court, invoking this Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").[6] On October 1, 2018, Plaintiff filed the instant motion to remand the case to state court.[7] She argues several statutory exceptions to this Court's jurisdiction under CAFA apply to this case.[8] Defendants oppose.[9]

*Ictech-Bendeck v. Progressive Waste Solutions of La., Inc.*, another class action petition alleging damages from noxious odors and gases emanating from the Landfill, was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on July 25, 2018, five days prior to the filing of the instant case.[10] *Ictech-Bendeck* was removed to this Court on August 17, 2018.[11] Jefferson Parish, Aptim Corp., and two of the three Waste Connections Defendants named in the instant case also are named defendants in *Ictech-Bendeck*. The proposed plaintiff class in *Ictech-Bendeck* is as follows:

> All persons domiciled of and/or within the Parish of Jefferson, . . . who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties as a result of the Defendant(s)' acts that cause the emission of noxious odors and gases into and unto their persons and properties.[12]

## **STANDARD OF LAW**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[13] To determine

---

[5] *Id.* at 3, ¶ II.
[6] R. Doc. 1.
[7] R. Doc. 6.
[8] R. Doc. 6-1 at 5–9.
[9] R. Docs. 15, 16, 17.
[10] No. 785-955 (La. Dist. Ct. filed Jul. 25, 2018) (removed to this Court on Aug. 17, 2018).
[11] No. 18-cv-7889 (E.D. La. filed Aug. 17, 2018).
[12] R. Doc. 1-4 at 5, ¶ VII(a), *Ictech-Bendeck*, No. 18-cv-7889.
[13] *See* 28 U.S.C. § 1441(a).

whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[14] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[15]

CAFA vests federal district courts with original jurisdiction over class actions in which the amount-in-controversy exceeds $5 million, and the class fits one of the following categories:

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.[16]

28 U.S.C. § 1332(d) includes several statutory exceptions to jurisdiction, several of which are at issue in the instant motion. When a party objects to the Court's jurisdiction under CAFA, that party "must prove that the CAFA exceptions to federal jurisdiction divest[] the district court of subject matter jurisdiction."[17]

## ANALYSIS

### I. This case satisfies the jurisdictional requirements of § 1332(d)(2).

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing

---

[14] *Id.*
[15] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").
[16] 28 U.S.C. § 1332(d)(2). CAFA also contains separate provisions for "mass actions," *Id.* at § 1332(d)(11), which are actions in which there are over 100 named plaintiffs. *Id.* at § 1332(d)(11)(B)(i); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 164 (2014) ("According to CAFA's plain text, a "mass action" must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs."). This case is not a mass action because there is only one named Plaintiff.
[17] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014).

3

an action to be brought by 1 or more representative persons as a class action."[18] Plaintiff filed her petition as a class action petition pursuant to Louisiana Code of Civil Procedure Article 591 *et seq*.[19] Such actions are class actions for purposes of CAFA.[20]

Plaintiff is a Louisiana domiciliary, and Waste Connections Defendants are Delaware corporations with their principal places of business in Texas.[21] As a result, CAFA's requirement of minimal diversity of citizenship is met.

Plaintiff argues it is not facially apparent from the pleadings that the amount in controversy exceeds $5 million.[22] In their Notice of Removal, Waste Connections Defendants argue the $5,000,000 amount-in-controversy requirement is met because of the potential size of the proposed plaintiff class and the damages requested.[23] They note Plaintiff's prayer for relief includes "past, present and future nuisance damages and past, present and future diminution in property value."[24]

In a CAFA case, a court may look beyond the pleadings to determine whether the amount-in-controversy requirement is satisfied.[25] A court also may "make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim."[26] In their opposition to the instant motion, Waste Connections Defendants include additional evidentiary support for their contention that the amount-in-controversy requirement is

---

[18] 28 U.S.C. § 1332(d)(1)(B).
[19] R. Doc. 1-4 at 3, ¶ 4.
[20] *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (finding LA. CODE. CIV. P. art. 591(A) is "a state statute that authorizes class actions to be brought by a person" because it "permits members of a class to sue or be sued as representative parties.").
[21] R. Doc. 1 at 2, ¶ 6.
[22] R. Doc. 6-1 at 4.
[23] R. Doc. 1 at 3–4, ¶ 8.
[24] *Id.*
[25] *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence.") (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
[26] *Id.*

met.[27] The state court petition alleges the odors from the Landfill have been emitted into areas "including, but not limited to, the neighborhoods in and around Waggaman, Louisiana[;] River Ridge, Louisiana[;] and Harahan, Louisiana."[28] Waste Connections Defendants attach the declaration of Brett O'Connor, an engineer employed by a Waste Connections affiliate, testifying the Louisiana Regional Landfill Company has received odor complaints from a broader geographic area, including eight cities: Gretna, Harvey, Harahan, Kenner, Marrero, Metairie, River Ridge, and Waggaman.[29] Waste Connections Defendants also attach the declaration of counsel for Waste Connections Defendants David Taggart, testifying the total population of the three cities named in the petition is 32,786, and the total population of the eight cities in the O'Connor declaration is 309,194.[30] Even if only the residents of Waggaman, River Ridge, and Harahan receive damages awards, an award of $153 to each resident would satisfy the $5 million amount-in-controversy requirement.

The O'Connor declaration also states that enjoining the Landfill to stop operations would cost the Waste Connections Defendants $23,000 in revenues per day.[31] The legislative history of CAFA makes clear that the amount-controversy requirement is satisfied "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."[32] Looking from the defendant's viewpoint, assuming an injunction lasted 218 days, which is not an

---

[27] R. Doc. 15 at 10–17.
[28] R. Doc. 1-4 at 7, ¶ VIII.
[29] R. Doc. 15-2 at 2, ¶ 4.
[30] R. Doc. 15-1 at 2.
[31] R. Doc. 15-2 at 2, ¶ 5.
[32] S. REP. No. 109-14 at 42 (2005).

5

unreasonable assumption, the Waste Connections Defendants' loss would exceed $5 million in revenues. This amount also would satisfy CAFA's amount-in-controversy requirement.

Plaintiff has not met her burden of showing the $5 million amount-in-controversy requirement is not satisfied in this case. In light of the allegations of the petition and the evidence presented by Waste Connections Defendants, the Court finds the amount in controversy in this case exceeds $5 million. This case meets the jurisdictional requirements of § 1332(d)(2).

II. **The "local controversy exception" does not apply because *Ictech-Bendeck* was an earlier class action filed asserting similar allegations against almost all of the same defendants on behalf of a nearly-identical class.**

Under the "local controversy exception," a district must decline jurisdiction if the following conditions are met:

> (i)  [the] class action [is one] in which--
>   (I)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>   (II)  at least 1 defendant is a defendant--
>     (aa)  from whom significant relief is sought by members of the plaintiff class;
>     (bb)  whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>     (cc)  who is a citizen of the State in which the action was originally filed; and
>   (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii)  during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.[33]

---

[33] 28 U.S.C. § 1332(d)(4)(A).

"[T]he exception is intended to be narrow, 'with all doubts resolved in favor of exercising jurisdiction over the case.'"[34]

The Court considers the final prong of the local controversy exception under which a court must exercise jurisdiction if, during the three-year period preceding the filing of suit, another class action has been filed "asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."[35] The Senate Report accompanying CAFA explains this exception as follows:

> The fourth and final criterion is that no other class action involving similar allegations has been filed against any of the defendants over the last three years on behalf of the same or other persons. In other words, if a controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that this exception is intended to address. As such, it is a test for assessing whether a controversy is localized. The Committee wishes to stress that another purpose of this criterion is to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant that would benefit from coordination are not excluded from federal court by the Local Controversy Exception and thus placed beyond the coordinating authority of the Judicial Panel on Multidistrict Litigation. The Committee also wishes to stress that the inquiry under this criterion should not be whether identical (or nearly identical) class actions have been filed. The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, regardless of whether the same causes of actions were asserted or whether the purported plaintiff classes were the same (or even overlapped in significant respects).[36]

The *Ictech-Bendeck* action was filed on July 25, 2018, five days before Plaintiff filed this case on July 30, 2018.[37] Like the instant case, *Ictech-Bendeck* is a class action alleging damages from noxious odors and gases emanating from the Landfill. Jefferson Parish, Aptim Corp., and two of the three Waste Connections Defendants named in the instant

---

[34] *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (citing *Westerfeld v. Independent Processing, LLC,* 621 F.3d 819, 822 (8th Cir.2010); *Evans v. Walter Indus. Inc.,* 449 F.3d 1159, 1163 (11th Cir.2006)).
[35] 28 U.S.C. § 1332(d)(4)(A)(ii).
[36] S. REP. No. 109-14 at 40–41 (2005).
[37] No. 785-955 (La. Dist. Ct. filed Jul. 25, 2018).

case also are defendants in *Ictech-Bendeck*. The proposed plaintiff class in *Ictech-Bendeck* is nearly identical, including all Jefferson Parish domiciliaries "who sustained legally cognizable damages in the form of nuisance, interference with the enjoyment of their properties and/or diminution in value of their properties" because of the emissions.[38] The defendants, the proposed classes, and the allegations in the cases are nearly identical in the two cases. The local controversy exception does not apply to the instant case because another class action asserting similar allegations was filed against the same defendants on behalf of a largely identical class. Furthermore, the fact that this Court has not remanded *Ictech-Bendeck* to state court has no bearing on whether the final prong of the local controversy exception applies to the instant case. The statute does not require that the earlier action be heard in federal or state court. CAFA's policy considerations, including the instruction that exceptions to CAFA jurisdiction are to be narrowly construed, also weigh in favor of exercising jurisdiction.

Plaintiff argues that, for purposes of the local controversy exception, this case and *Ictech-Bendeck* are "the same lawsuit" because, while the instant case was pending in state court, she "began to take steps toward consolidating" it with *Ictech-Bendeck* and that, had this case not been removed to this Court, "the two proposed class actions would be one."[39] First, consolidation did not occur. Second, "[u]nder Louisiana law, '[c]onsolidation of actions is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity.'"[40] Even had this case been consolidated with *Ictech-Bendeck*, it would still be another class action

---

[38] R. Doc. 1-4 at 5, ¶ VII(a), *Ictech-Bendeck*, 18-cv-7889.
[39] R. Doc. 6-1 at 8.
[40] *Lerille v. Monsanto Corp.*, No. 07-cv-3621, 2007 WL 2284570, at *2 (E.D. La. Aug. 6, 2007) (Africk, J.) (internal ellipsis omitted) (quoting *Howard v. Hercules-Gallion Co.*, 417 So.2d 508, 511 (La. Ct. App. 1982)).

8

asserting similar allegations against common defendants, for purposes of the local controversy exception.

In further support of her argument that the Court should consider the instant case as part of the same case as *Ictech-Bendeck*, Plaintiff cites *Vodenichar v. Halcon Energy Properties, Inc.*, a Third Circuit decision interpreting the final prong of the local controversy exception.[41] *Vodenichar* is inapposite. In that case, the plaintiffs first filed an action invoking the court's diversity jurisdiction under § 1332(a).[42] The plaintiffs dismissed the first action voluntarily and refiled the action in federal court, joining two local defendants that would destroy complete diversity, but invoking the court's jurisdiction under CAFA.[43] The Third Circuit held the second action was part of the same case as the first action because it was a "continuation of the first filed action" and "[t]he same representative plaintiffs filed two complaints on behalf of an identically-defined putative class arising from the same factual allegations."[44] The instant case and *Ictech-Bendeck* involve different representative plaintiffs, and the classes and named defendants are not identical. The instant case is not a continuation of *Ictech-Bendeck*.

The Court's ruling is consistent with the legislative history of CAFA. Congress stated that one purpose of the requirement that no similar class action have been filed in the three years preceding an action "is to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant that would benefit from coordination are not excluded from federal court by the Local

---

[41] 733 F.3d 497 (3d Cir. 2013).
[42] *Id.* at 501.
[43] *Id.* at 502.
[44] *Id.* at 509.

Controversy Exception."[45] The Court has jurisdiction over *Ictech-Bendeck*,[46] and exercising jurisdiction over the instant case will permit both actions to benefit from coordination.[47] Because *Ictech-Bendeck* was filed before the instant case, the local controversy exception does not apply. The Court need not analyze the other prongs of the exception.[48]

### III. The "home-state exception" does not apply because Plaintiff has not shown Defendant Jefferson Parish is the only primary defendant.

Under the home state exception, a district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[49] "[T]he home state exception applies if all of the primary defendants are citizens" of the state where the action was filed.[50]

In this case, Jefferson Parish is the only defendant that is a Louisiana citizen.[51] Waste Connections Defendants and Aptim Corp. are not Louisiana citizens.[52] The state court petition brings claims against all Defendants and makes specific factual allegations

---

[45] S. Rep. No. 109-14 at 40–41 (2005).
[46] No. 18-cv-7889 (E.D. La. Mar. 14, 2019) (order denying remand).
[47] Even if the Court had remanded *Ictech-Bendeck*, it would still have jurisdiction over this case. In *Sherman v. Mantle Oil & Gas, LLC*, two class actions "ar[o]se out of exactly the same factual predicate, share[d] a common defendant, and evidently possess[ed] overlapping proposed class definitions." No. CIV.A. 10-2774, 2011 WL 130240, at *4 (E.D. La. Jan. 14, 2011). The Court found the local controversy exception did not apply to the later-filed action because the first action asserted factual allegations against a common defendant. *Id.* at *3. The court remanded the earlier-filed action to state court, but exercised jurisdiction over the later-filed action. *Id.* at *4. The court noted it was "striking" that the court was required to exercise jurisdiction over one case but not another "solely because one group of attorneys beat another to the courthouse by five days" but found the plain language of the statute required the Court to do so. *Id.* Similarly, whether this Court has remanded *Ictech-Bendeck* has no bearing on whether it is required to remand this case under the final prong of the local controversy exception.
[48] In *Ictech-Bendeck*, this Court issued an order finding that, although the proposed plaintiff class sought significant relief from local defendant Jefferson Parish, Jefferson Parish's conduct did not form a significant basis for the claims asserted. *Id.*
[49] 28 U.S.C. § 1332(d)(4)(B).
[50] *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016).
[51] R. Doc. 1-4 at 1, ¶ I.
[52] *Id.*

10

relating to each one.[53] Plaintiff does not argue Waste Connections Defendants and Aptim Corp. are not primary Defendants.[54] Plaintiff has failed to meet her burden of proof of showing the home-state exception applies.

### IV. CAFA's "discretionary jurisdiction provision" does not apply because more than two-thirds of the members of the proposed class are citizens of Louisiana.

Plaintiff urges the Court to decline to exercise jurisdiction over the instant case under CAFA's discretionary jurisdiction provision.[55]  § 1332(d)(3) provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but *less than two-thirds of the members of all proposed plaintiff classes in the aggregate* and the primary defendants are citizens of the State in which the action was originally filed based on consideration of [six enumerated factors].[56]

A movant "must satisfy the citizenship requirement as a prerequisite to the district court weighing the additional statutory factors enumerated to guide the court's remand determination."[57]

In this case, the definition of the proposed plaintiff class is limited to Jefferson Parish domiciliaries.[58] All of the members of the proposed class are citizens of Louisiana. As a result, Plaintiff cannot show that less than two-thirds of the members of the proposed class are citizens of Louisiana. CAFA's discretionary jurisdiction provision is not applicable.

---

[53] *Id.* at 6, ¶ V;  9–10, ¶ XIX.
[54] Plaintiff attaches a news article quoting the president of the Louisiana Regional Landfill Company stating that the gas collection and control system at the Landfill is to blame for the odors and that Waste Connections Defendants are not responsible. R. Doc. 6-2 at 11–12. An unsworn public statement from a corporation denying fault is insufficient to show it is not a primary defendant in a case.
[55] R. Doc. 6-1 at 9.
[56] 28 U.S.C. § 1332(d)(3) (emphasis added).
[57] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 812 (5th Cir. 2007).
[58] R. Doc. 1-4 at 3, ¶ II.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion to remand, filed by Plaintiff Savannah Thompson be and hereby is **DENIED**.[59]

**New Orleans, Louisiana, this 14th day of March, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[59] R. Doc. 6.